[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 14, 1990
Date of Application September 14, 1990
Date Application Filed September 14, 1990
Date of Decision July 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport. Docket No. 34667;
Erskine McIntosh, Esq., Defense counsel, for petitioner.
Jonathan Benedict, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was thirty-three years of age at the time of sentencing, was convicted following a trial by jury of Attempted Murder (53a-49 and 53a-54a); two counts of Assault, first degree (53a-59(a)(1); and Burglary, 1st degree (53a-101(A)(2).
He was sentenced to a term of twenty years on the Attempted Murder, twenty years on each count of Assault, first degree, and ten years on the Burglary, first degree count. Each sentence was imposed consecutively for a total effective sentence of seventy years. The underlying facts are as follows.
The defendant lived with Denise Cardona and her son, George Morales, for a period of four to five years prior to August 31, 1989. In an incident that occurred prior to August 31, 1989, the defendant struck Cardona and held her at knife point after the two became embroiled in argument. As a result of this incident, Cardona and Morales went to live at Cardona's mother's house, leaving the defendant in the apartment they shared. When the defendant requested Cardona to return, she ordered him to move out of the apartment. After the defendant vacated the apartment, Cardona and Morales returned and changed the apartment's locks in an attempt to prevent him from reentering it.
Cardona went to bed at about 8:30 p.m. on August 31, 1989. After awakening to the sound of someone breaking into the apartment through the back door, she left her bed and entered the apartment hallway, where she encountered the defendant. Upon seeing the defendant she ran out the front door of the apartment and down a stairway that led to the front door of the building. As Cardona was descending the stairway, the defendant caught her, grabbed her hair and threw her down the remaining stairs. The defendant then continued to the bottom of the stairway, pulled out a knife and stabbed Cardona in the stomach, chest and hands.
After he awakened that night to the sound of moaning, Morales observed that Cardona was not in her bed. He then noticed that the door leading into the apartment was open and ran to the doorway. He looked toward the foot of the stairway and observed the defendant attacking his mother. Morales ran, then jumped, down the stairway and struck the CT Page 7170 defendant, who responded by stabbing him in the chest. As Morales attempted to pull his mother away from the defendant, the defendant stabbed her in the mouth. Morales continued to drag the screaming Cardona upstairs while warding off the advancing defendant. Suddenly, the defendant ceased the attack and fled. That evening, a neighbor heard her dog barking and went to her doorway, where she observed the defendant running past her house holding something in his hand.
After the attack, Cardona and Morales were transported to Bridgeport Hospital and admitted for treatment. Cardona was treated for multiple stab wounds and underwent surgery to alleviate a blood accumulation in one of her lungs. Morales was treated for a collapsed left lung and a stab wound to the chest. See State v. Fernandez, 27 Conn. App. 73 (1992).
The petitioner, while conceding that the injuries to the victims were life threatening, claims the sentence was longer than the maximum for murder and, since no life was taken in this case, argues that a sentence of twenty years would be appropriate.
The state points out that the court could have imposed as much as eighty years and that given the nightmarishly brutal attacks to the victims, the sentence is appropriate. He points out that the petitioner was convicted of attempted murder (as well as assault), that he repeatedly stabbed Ms. Cordona, [Cardona] leaving her permanently disfigured, and that he came very close to the vital organs of each victim.
The petitioner stated that he believes the sentence is unreasonable for what was, in his terms, a family dispute. This was not the first time the petitioner assaulted someone. In 1978 he was convicted of assault, 3rd degree. In 1985 he was convicted of Burglary, harassment and threatening after he broke into his girlfriend's apartment and hit her in the face with his fist. When the Court ordered him to stay away from her as a condition of his release, he reportedly called her and said "he didn't care what the Court said, that if she would not see him that night he would buy a gun and kill her and the children."
Similarly in the instant case, when he was arrested he asked "How are they doing?" and when told they were going to CT Page 7171 make it he sarcastically replied "Next time I'll do better." State v. Fernandez, supra, p. 77.
In the earlier case after he was released from incarceration he allegedly rammed his car into the victim's parked car, damaging it. That incident apparently led to a charge of violation of probation. The petitioner also has convictions for threatening and an additional Assault, third degree.
The petitioner has the propensity for extreme violence and is at high risk to severely injure or kill someone, and the victims in this case are at special risk. As the sentencing court noted, he has paid scant attention to court orders or rehabilitative efforts of the probation office.
It was legal and proper for the sentencing court to impose separate sentences for the crimes of assault and attempted murder. (This issue was unsuccessfully raised by the petitioner in his appeal). Each crime is one of separate intent. The attempted murder left it's psychological scarring on the victim and the assault had its impact as well. One victim was repeatedly stabbed and both had physical and psychological damage.
Reviewing the sentence in accordance with the standards of Section 942 of the Practice Book, the Division concludes that it was neither inappropriate nor disproportionate and we affirm it.
Purtill, Klaczak and Miano, J.s, participated in this decision.